Curia, per Dunkin, Oh.
The second and fourth grounds of appeal may render it proper -to say something in explanation of the decree, or, rather, to state the reasons which induce the court to concur generally in the conclusions of the Chancellor.
In Hole vs. Harrison, 1 Ch. Cas. 246, it is said that “if three *22 are bound in a recognisance, one is sued and paid the whole, another is insolvent, the third is sued for contribution, he shall contribute a moiety and not a third part.” For the purposes of the case, a co-obligor, beyond the jurisdiction of the Court, is in the same condition as if he were insolvent. Neither he, nor his estate, can be subjected to contribution. In the statement of Hole vs. Harrison, it is said that “ S. was runaway,” and the decree is, that Hole should contribute a moiety — “ for S. is insolvent.”
But it is urged that the defendant is not liable to contribute until the complainant has actually paid the debt. If the decree had directed any amount to be paid, by- the defendant, to the complainant, there would be force in the objection. But no such order has yet been made. It is a misapprehension, however, to suppose that a co-surety may not file his bill for contribution, until he has actually paid his money. The authorities cited do not sustain this proposition. In 1 Eq. Cas. Abr. 114, it is said “ one surety may compel another, in equity, to contribute towards payment of a debt for which they were jointly bound.” In Deering vs. Earl of Winchelsea, 1 Cox, 318, (a) Sir Edward Deering, being joint surety with the Earl of Winchelsea and Sir John Rous, for Thomas Deering, in bonds to the crown, was sued, and “judgment was obtained against him for £3,883 14s. ; whereupon Sir Edward Deering filed this bill against the Earl of Winchelsea and Sir John Rous, claiming from them a contribution towards the sum so recovered against him.” There were several grounds of defence which it is not important to notice. It was held that each of the defendants should contribute in equal shares with the complainant to the payment of the judgment; and that, “on payment thereof the Attorney General should acknowledge satisfaction, on the record, of the said judgment,” and that the bonds should be delivered up to be can-celled.
The decree of the circuit court directs only that the commissioner should ascertain the amount which has been recovered against the complainant, and report thereon. We think the judgment creditors should be made parties,, and that the complainant should have leave to amend his bill for that purpose or to give them notice.
Then, as to the fourth ground of appeal; the complainant was *23 alone subject to an action at law. If, in making the defence, he .has removed a common burthen: if, for instance, the amount demanded from the sureties was five thousand dollars, which he reduced to two thousand dollars,"(as was stated in the argument,) he is entitled to reimbursement of his expenses, on acknowledged principles of equity as applicable to co-sureties. This, we think, is a proper subject of inquiry before the commissioner, and that the order of reference should be enlarged with that view; and it is so decreed.
The complainant must pay the costs of the suit against G. Me. Witherspoon.
In all other respects the decrees of the circuit court are affirmed.
JOHNSON and Johnston, GO. concurred.
Harper, Ch. absent.

 8. C. 2 Bos. & Pul. 270.